By the Court.
 

 Bid the trial court err in directing a verdict against Mary Krofta at the conclusion of her evidence?
 

 At that stage of the case she was entitled to have the evidence given the most favorable interpretation to her contention, and if the proof and inferences were such that fair-minded men could at least reasonably arrive at different conclusions therefrom, as to claimed dereliction of duty by the motorxnan, proximately causing her injury, the facts in issue were triable by jury.
 

 Ought the motorman, before starting the street car, in the proper discharge of his duties, have seen Mrs. Krofta as she was standing with her arms full of bundles at a proper place for passengers to enter the car, which by its sign was to be entered at the front door, the car being so equipped that a view was ob-
 
 *130
 
 tamable
 
 by the
 
 motorman at the side as well as in front, and did he accord her the protection due an intended passenger at such place and under such circumstances ?
 

 Ought the motorman, in the exercise of due care, have heard Mrs. Krofta as she rapped on the front door of the car, where, by the sign on the car, she was directed to enter, if .she wished to become a passenger, the motorman having control of the doors and it being a fair presumption that he was in his proper place to perform his duty toward intended passengers ?
 

 The record showed at least some evidence from which, given its most favorable interpretation to Mrs. Krofta, a reasonable inference might be drawn supporting her contention that the motorman could have seen or heard her in her attempts to attract his attention in order that she might enter the car, she being at a proper place for passengers to board the car, and that the motorman was therefore derelict in his duty toward her as an intended passenger. Whether he was thus derelict in his duty became, therefore, a proper question for the jury to determine.
 

 The record discloses that Mrs. Krofta testified:
 

 “Q. And the car was standing still, was it? A. Yes.
 

 “Q. Was that a regular stopping place? A. Yes, it was a regular stopping place, there was a sign there.
 

 “Q.
 
 As you walked up to the door of the car you may tell the jury what you did? A. I clapped on the motorman — I clapped on the door — with my left hand.
 

 “Q. You clapped on the door — what do you mean by that — knocked on it? A. Yes, sure.
 

 “Q. What happened? A. He didn’t open, I knocked again but he didn’t open again, so I wanted to knock again and he started the car and as I was knocking at his ear he had the doors closed * *
 

 Mrs. Krofta was corroborated by the witnesses Stephen Nostick and Herman W. Watjen, Jr., the driver of the Essex automobile, as to her attempts to become
 
 *131
 
 a passenger. Wat jen also testified: “There was a slight projection there at the edge of the door where she was standing, and that is what did it,” the witness having reference to the portion of the street car which struck Mrs. Krofta and caused her to fall to the street, rolling under the automobile of this witness.
 

 Measured by the standard heretofore indicated, the Court of Appeals found that the record did contain proof sufficient to justify its submission to the jury, and that therefore the trial court erred in sustaining the motion for a directed verdict. It thereupon reversed such judgment and remanded the cause for further proceeding. In so doing, the Court of Appeals did not err and its judgment is therefore affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Day, Allen, Kinkade and Stephenson, JJ., concur.